PELHAM G. WODEHOUSE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32207. Promulgated December 22, 1952.

488

*Watson Washburn, Esq.*, for the petitioner.
*Paul M. Stewart, Jr., Esq.*, for the respondent.

**OPINION.**

RICE, *Judge:* Under section 501 of the Revenue Act of 1932 (applicable to the years before us), a tax was imposed upon the transfer by any individual, resident or nonresident, of property by gift. Subsection (b) of said section provided in part that "in the case of a nonresident not a citizen of the United States, [the tax] shall apply to a transfer only if the property is situated within the United States." In the instant case, petitioner made assignments during 1938 and 1939 to his wife of half interests in a series of novels and short stories which he had written. Such assignments were essentially similar in nature and were signed by petitioner and at least one witness. At the time of the assignments, both the petitioner and his wife were living in France. The assignments were executed in France, and the manuscripts had not been copyrighted as yet in this country. The manuscripts, at the time of the assignments, were in France, with the exception of a portion of "The Cow Creamer" which had been sent to this country during 1937. However, such fact does not affect our finding since the completed manuscript was not sent until after petitioner had made the assignment. Some of these assignments have already been considered by this Court initially, and by the Courts of Appeals for the Second and Fourth Circuits, on appeal, with respect to whether the income received from the sales of publishing and book rights of the manuscripts in this country were entirely taxable to petitioner.

A transfer of property might be invalid for income tax purposes but valid for gift tax purposes so that the donor would be subject to income tax on any income arising out of such property as well as a gift tax on such transfer. See *Higgins* v. *Commissioner*, 129 F. 2d

237 (C. A. 1, 1942), certiorari denied 317 U. S. 658 (1942) ; *Commissioner* v. *Beck's Estate*, 129 F. 2d 243 (C. A. 2, 1942) ; *Commissioner* v. *Prouty*, 115 F. 2d 331 (C. A. 1, 1940) ; and *cf. James A. Hogle*, 7 T. C. 986 (1946), affd. 165 F. 2d 352 (C. A. 10, 1947). We feel that the assignments in the instant case constituted a transfer of the type contemplated by the gift-taxing statutes in effect during the years in question, but that they concerned transfers made by a nonresident alien of property situated outside the United States.

Respondent argues that the situs of the property was within, and not outside, the United States, on the theory that the assignments covered the right to profit from "copyrights of literary works in the United States." He maintains that the stories and novels were copyrighted in the United States; the proceeds came from the buyer thereof, who was located in the United States; that the stories were purchased with the expectation of receiving income from readers in the United States; and that the payments were made to petitioner's agent in the United States. Such argument, however, loses sight of the fact that, at the time of the assignments, the manuscripts had not as yet been copyrighted and that the interests petitioner's wife had in the copyrights, as a property right, flowed from the assignments. This is amply borne out by the example of the short story, "Dudley Is Back to Normal," which petitioner's agent was unable to sell in the United States, which has never been published, and upon which respondent has claimed no tax. What was actually assigned in France was a half interest in the various manuscripts and all property rights which might arise from, or accrue to, the holder of such interest. We have held that the situs of the property at the time of the transfer was France, and such transfers, therefore, are not taxable under section 501 (b) of the Revenue Act of 1932 as they concern transfers by a nonresident alien of property situated outside the United States. Respondent, therefore, erred in his determination of deficiencies in gift tax for the years 1938 and 1939 arising from such transfers.

By amended answer, respondent has asserted that if no gift tax is owing as a result of the assignments, the payments to petitioner's wife of one-half of the profits from the sale of publishing and book rights of the various manuscripts in this country resulted in taxable gifts. On this issue respondent has the burden of proof. The payments to petitioner's wife of the profits resulting from such sales were not in the nature of taxable gifts, but were the results of rights which accrued to her under the terms of the assignments executed by petitioner in France.

Because of the conclusions we have reached, it is unnecessary to consider the other questions raised and argued by the parties in this case.

*Decision will be entered for the petitioner.*